UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CHARLES LEE DEWEY, III,<br><br>Plaintiff,<br><br>v.<br><br>BAKER and HAKE,<br><br>Defendant. | CAUSE NO. 1:24-CV-520-JD-AZ |

OPINION AND ORDER

Charles Lee Dewey, III, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Dewey filed his complaint about a cell search that occurred on September 2, 2024, when he was a pretrial detainee at the Allen County Jail. He explains that random cell searches happen every day. Typically, the officers search three cells a day. When a cell is selected, the occupants must exit the cell. Then the officers search the cell for contraband. When the search is done, the cell's occupants can return, and the officers move on to the next one.

Dewey alleges that the search Officer Baker conducted on September 2, 2024, was different than usual. First, only Dewey's cell was searched. Then, Officer Baker asked to pat Dewey down before he began the search, which is not typical. Finally, during this pat down, Dewey alleges Officer Baker put his hands inside Dewey's underwear and felt his buttocks. Dewey contends that pat downs always occur over the clothing. He sues Officer Baker for the unreasonable search.

Even as a pretrial detainee, Dewey retains his Fourth Amendment rights against unreasonable searches and seizures. *Brown v. Polk Cnty.*, 965 F.3d 534, 537–38 (7th Cir. 2020). But the fact of his detention impacts what searches are reasonable under the Fourth Amendment. *Id.* Reasonableness is evaluated by "balancing 'the need for the particular search against the invasion of personal rights that the search entails.'" *Id.* at 538 (quoting *Bell v. Wolfish*, 441 U.S. 520, 559 (1979)). Relevant factors are "the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted." *Id.* (quoting *Bell*, 441 U.S. at 559).

Thus, courts have held that inmates do not retain a reasonable expectation of privacy in their lockers and cells, and therefore those are subject to search at any time without the need for any individualized suspicion. *Hudson v. Palmer*, 468 U.S. 517, 525-56 (1984); *Henry v. Hulett*, 969 F.3d 769, 777 (7th Cir. 2020). But searches "that expose an individual's bare body and genitals are an extraordinary interference with privacy." *Haro v. Porter Cnty.* 129 F.4th 992, 996 (7th Cir. 2025) (quotation marks omitted). Nevertheless, suspicionless strip searches in jails have been upheld when they are conducted pursuant to a valid policy to uphold the safety and security of the jail,

including requiring a strip search when an inmate returns from contact visits or conducting strip searches of all detainees bound for the jail's general population. *Id.* (citing *Bell v. Wolfish*, 441 U.S. 520, 558–60 (1979), and *Florence v. Bd. of Chosen Freeholders of Cnty. of Burlington*, 566 U.S. 318, 330 (2012)). But "[w]hen a jail instead singles out individual detainees for strip searches, [courts] have held that such searches must be justified by reasonable suspicion." *Id.*

Therefore, in the circumstances alleged in the complaint, the pat down that included touching Dewey's bare buttocks must be justified by reasonable suspicion and conducted in a reasonable manner. Giving Dewey the inferences to which he is entitled at the pleading stage, he may proceed against Officer Baker on a Fourth Amendment claim for an unreasonable search.

Dewey also sues Corporal Hake, the officer who responded to the grievance he filed about the incident. In response to the grievance, Corporal Hake stated, "This was watched frame by frame. Your allegations are absolutely not accurate. This would be considered False Informing [under Indiana law]." ECF 1-1 at 5. Dewey alleges this threat of false informing constitutes unlawful retaliation to deter him from exercising his First Amendment rights in the future.

To assert a First Amendment retaliation claim, an inmate must allege: "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." *Douglas v. Reeves*, 964 F.3d 643, 646 (7th Cir. 2020) (internal

3

quotation marks and citation omitted). The second prong applies an objective standard, inquiring whether the alleged deprivation would likely deter "a person of ordinary firmness" from continuing to engage in protected activity. *Surita v. Hyde*, 665 F.3d 860, 878 (7th Cir. 2011).

At the pleading stage, the court must accept Dewey's allegations as true. Assuming that the pat down incident he reported is true, then Corporal Hake's response could reasonably be construed as a threat to seek criminal charges without a valid basis—an act that could reasonably deter a person of ordinary firmness from future First Amendment activity. Dewey may, therefore, proceed on this claim. If, however, he did file a false grievance, that grievance would not be protected under the First Amendment and this claim will fail. *See Doyle v. Pasquino*, 207 F. App'x 713, 714 (7th Cir. 2006) (filing frivolous grievance is not protected First Amendment activity).

Dewey does not state a claim, however, against the remaining defendants. He sues the PREA[1] officer, Danielle Acevedo, for not taking action on his PREA report about the search and for telling him the incident didn't happen. To the extent Dewey is asserting violations of the PREA, his allegations cannot form the basis for a claim under 42 U.S.C. § 1983. *See Winners v. Hyatt*, No. 3:20-CV-1035-JD-MGG, 2021 WL 1165140, at *2 (N.D. Ind. Mar. 25, 2021) (PREA does not create a private right of action). To the extent he is claiming Officer Acevedo did not follow internal jail policies adopted

---

[1] PREA stands for the Prison Rape Elimination Act, 34 U.S.C. §§ 30301–09 ("PREA"), a federal law enacted to address the problem of sexual assault in prisons. *See generally J.K.J. v. Polk Cnty.*, 960 F.3d 367, 373–74 (7th Cir. 2020) (en banc).

pursuant to PREA in investigating his complaint, this does not state a federal claim either. *See Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) ("42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or, in this case, departmental regulations"). And he has no constitutional right to demand an investigation into an already completed act. *See Whitlock v. Brueggemann*, 682 F.3d 567, 588 (7th Cir. 2012) (citing *Town of Castle Rock v. Gonzales*, 545 U.S. 748 (2005)) ("There is no affirmative duty on police to investigate."); *Rossi v. City of Chicago*, 790 F.3d 729, 735 (7th Cir. 2015) ("We note at the outset that Rossi does not have a constitutional right to have the police investigate his case at all, still less to do so to his level of satisfaction."). Dewey does not state a claim against Danielle Acevedo

Finally, Dewey sues Corporal Bishop, who he says placed his tablet on restriction after he reported the sexual assault from the September 2 pat down and after the retaliation he experienced for filing a grievance. Because his tablet was on restriction, the number of grievances he could file was limited, allegedly affecting his access to the court. Dewey says the restriction was lifted after he reported Bishop, showing that the restriction was invalid.

Prisoners are entitled to meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817, 824 (1977). To establish a violation of the right to access the courts, an inmate must show that unjustified acts or conditions (by defendants acting under color of law) hindered the inmate's efforts to pursue a non-frivolous legal claim, *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998), and that actual injury (or harm) resulted. *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (holding that *Bounds* did not eliminate the actual injury

requirement as a constitutional prerequisite to a prisoner asserting lack of access to the courts); *see also* Pattern Civil Jury Instructions of the Seventh Circuit, 8.02 (rev. 2017). In other words, "the mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*," and only if the defendants' conduct prejudices a potentially meritorious legal claim has the right been infringed. *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). This claim may not proceed because Dewey does not allege that any potentially meritorious legal claim was injured by this restriction.

For these reasons, the court:

(1) GRANTS Charles Lee Dewey, III, leave to proceed against Officer Baker in his individual capacity for compensatory and punitive damages for conducting an unreasonable search on September 2, 2024, by touching Dewey's bare buttocks in violation of the Fourth Amendment;

(2) GRANTS Charles Lee Dewey, III, leave to proceed against Corporal Hake for retaliating against him for filing a grievance about the September 2, 2024 pat down by threatening criminal charges in violation of the First Amendment;

(3) DISMISSES all other claims;

(4) DISMISSES Acevedo and Bishop;

(5) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Officer Baker and Corporal Hake at the Allen County Jail, with a copy of this order and the complaint (ECF 1);

(6) ORDERS the Allen County Sheriff to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(7) ORDERS, under 42 U.S.C. § 1997e(g)(2), Officer Baker and Corporal Hake to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on April 29, 2025

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT